IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK DEWAYNE BROCK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-3029-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Mark Dewayne Brock has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, the Court should transfer the application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted of murder and was sentenced to life imprisonment. His conviction was affirmed on direct appeal. *See Brock v. State,* No. 05-02-01273-CR, 2003 WL 21983212 (Tex. App. – Dallas Aug. 21, 2003, pet. ref'd). Petitioner has filed five applications for state post-conviction relief. The first application was denied without written order on the findings of the trial court. *See Ex parte Brock,* WR-62,636-01 (Tex. Crim. App. June 7, 2006). The remaining four state habeas applications have each been dismissed as an abuse of the writ. *See Ex parte Brock*, WR-62,636-02 (Tex. Crim. App. Oct. 21, 2009); *Ex parte Brock*, WR-62,636-03 (Tex. Crim. App. Jan. 12, 2011); *Ex parte*

*Brock*, WR-62,636-04 (Tex. Crim. App. June 1, 2011); *Ex parte Brock*, WR-62,636-05 (Tex. Crim. App. Feb. 27, 2013). Petitioner also filed an application for federal habeas relief, which was denied. *See Brock v. Quarterman,* No. 3:06-cv-1139-B, 2007 WL 1409573 (N.D. Tex. May 14, 2007), *COA denied,* No. 07-10601 (5th Cir. May 12, 2008), *cert. denied*, 555 U.S. 1052 (2008). Petitioner has filed two motions for authorization to file a successive federal habeas petition in the Fifth Circuit Court of Appeals based on newly discovered evidence. The Court of Appeals denied both motions. *See In re Brock,* No. 09-11236 (5th Cir. Apr. 8, 2010); *In re Brock*, No. 12-10538 (5th Cir. Sept. 6, 2012).

Petitioner now seeks post-conviction relief on grounds that newly discovered evidence establishes that he is innocent of murder and that he received ineffective assistance of trial counsel. Before the Court may consider this latest petition, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

           (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition. Petitioner must obtain such an order before another petition for post-conviction relief may be filed. Accordingly, this 28 U.S.C. § 2254 habeas application should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 8, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE